IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00315-CV

 

LDF Construction, Inc., Lynn D. Foster, 

Mark W. Todd Architects, Inc. and 

Mark W. Todd,

                                                                                    Appellants

 v.

 

Sam Bryan, Connie Bryan, and Sammy 

R. Bryan, DDS, P. A.,

                                                                                    Appellees

 

No. 10-08-00348-CV

 

IN RE LDF CONSTRUCTION, INC. AND
LYNN D. FOSTER

 

Original Proceeding

 

10-08-00407-CV

 

IN RE MARK TODD AND MARK W. TODD
ARCHITECTS

 

Original Proceeding

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 24,273

 



ABATEMENT ORDER FOR MEDIATION










        The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

        We find that this appeal and these
original mandamus proceedings are appropriate for mediation.  See id.
§ 154.021(a) (Vernon 2005); 10th
Tex. App. (Waco) Loc. R. 9.  Accordingly, we order the parties to the
appeal and original proceedings to participate in mediation.  We strongly
recommend the inclusion of the Amicus, Matlack/Van Every Design, Inc. and Joyce
Matlack, individually, (and any other party in the trial court proceeding), in
the mediation process as well.

        The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, LDF Construction, Inc. is ordered to file a notice with the Clerk of
this Court which either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

        Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

        No less than seven calendar days before
the first scheduled mediation session, each party must provide the mediator and
all other parties with an information sheet setting forth the party’s positions
about the issues that need to be resolved.  At or before the first session, all
parties must produce all information necessary for the mediator to understand
the issues presented.  The mediator may require any party to supplement the
information required by this Order.

        Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

        Immediately after mediation, the mediator
must advise this Court, in writing, only that the cases did or did not settle,
including, as an alternative, “settlement” by agreeing to proceed to binding
arbitration, and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
each party must pay a proportionate share of the agreed-upon fee directly to
the mediator.

        Failure or refusal to attend the mediation
as scheduled and to actively participate therein may result in the imposition
of sanctions, as permitted by law.  

        Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

        We
abate the appeal and original proceedings for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Reyna, and

        Justice
Davis

Order
issued and filed February 11, 2009

Appeal
and original proceedings abated for mediation

Do
not publish